```
         IN THE UNITED STATES DISTRICT COURT
        FOR THE NORTHERN DISTRICT OF INDIANA
                  FORT WAYNE DIVISION
```

```
RON D. HOLLE,                  )
                               )
Plaintiff,                     )
                               )
vs.                            )    NO. 1:07-CV-224
                               )
CHARLES F. LEONARD,            )
                               )
Defendant.                     )
```

## OPINION AND ORDER

This matter is before the Court on the: (1) complaint; and (2) Application to Proceed Without Prepayment of Fees and Affidavit, both submitted by Plaintiff, Ron D. Holle, on August 13, 2007. For the reasons set forth below, the Court **DENIES** Holle leave to proceed *in forma pauperis* and **DISMISSES** this case pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

BACKGROUND

Ron D. Holle, a *pro se* plaintiff, submitted a complaint and an *in forma pauperis* petition. The complaint alleges that Defendant, Charles F. Leonard, committed legal malpractice. Holle alleges that the act of malpractice occurred on December 5, 2003 and that he discovered it on May 13, 2005.

DISCUSSION

> The statute of limitation for a claim of legal malpractice is two years. Further, legal malpractice actions are subject to the "discovery rule," which provides that the statute of limitations does not begin to run until such time as the plaintiff knows, or in the exercise of ordinary diligence could have discovered, that he had sustained an injury as the result of the tortious act of another. For a cause of action to accrue, it is not necessary that the full extent of damage be known or even ascertainable, but only that some ascertainable damage has occurred.
> Another panel of this court has applied the discovery rule to a criminal defendant's legal malpractice action against his former defense attorney. In [that case], we held that the criminal defendant's malpractice action was barred by the statute of limitations because it was not commenced within two years of his discovery of the alleged malpractice.

*Silvers v. Brodeur*, 682 N.E.2d 811, 813-14 (Ind. Ct. App. 1997) (citations omitted).

Giving Holle the benefit of the "discovery rule", he had until May 14, 2007[1] to file this legal malpractice claim, but it was not filed until August 13, 2007.  Therefore this claim is barred by the statute of limitations.

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action  . . . fails to state a claim on which relief may be granted.

28 U.S.C. § 1915(e)(2)(B)(ii).

---

[1] May 13, 2007 was a Sunday, therefore he had until Monday, May 14, 2007. *See* FED. R. CIV. P. 6(a).

<u>CONCLUSION</u>

     For the reasons set forth above, the court **DENIES** Holle leave to proceed *in forma pauperis* and **DISMISSES** this case pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).


**DATED:  September 7, 2007**　　　　　　　　/s/RUDY LOZANO, Judge
　　　　　　　　　　　　　　　　　　　　　　　　United States District Court